# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed:  October 21, 2015)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | UNPUBLISHED |
| SAMUEL GRAY, | * | |
| | * | No. 13-880V |
| Petitioner, | * | |
| | * | |
| v. | * | Special Master Roth |
| | * | |
| SECRETARY OF HEALTH | * | Influenza Vaccine; Table Injury; |
| AND HUMAN SERVICES, | * | Dyspnea; Neurological Symptoms; |
| | * | Insufficient Proof |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

Verne E. Paradie, Jr., Maglio, Paradie Sherman Walker and Worden, Lewiston, ME for petitioner.
Gordon E. Shemin, U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION[1]

**Roth,** Special Master:

On November 5, 2013, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ["the Program"],[2] alleging that the influenza vaccine he received on October 21, 2010 caused him to suffer from Dyspnea and other neurological symptoms.  The information in the record, however, does not support entitlement to an award under the Program.  On January 24, 2014, petitioner moved for a decision dismissing this petition.

To receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that petitioner suffered an injury that was actually caused by a vaccine.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), petitioner have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

*See* §§ 13(a)(1)(A) and 11(c)(1).  An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury."  Further, the record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  § 13(a)(1).  In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that he suffered a "Table Injury" or that petitioner's injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Mindy Michaels Roth
Mindy Michaels Roth
Special Master